## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTY YOST,<br>            Appellant,<br><br>       v.<br><br>DEPARTMENT OF HOMELAND<br>    SECURITY,<br>            Agency. | DOCKET NUMBER<br>DE-0752-19-0340-I-1<br><br><br>DATE: August 28, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ryan Aubrey, Esquire, and Tyler Sroufe, Esquire, Dallas, Texas, for the
    appellant.

Stephanie Ailor and Carolyn Sarnecki, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
sustained the agency's removal action based on her failure to meet a condition of
employment. Generally, we grant petitions such as this one only in the following
circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency proved nexus and to supplement the penalty analysis, we AFFIRM the initial decision.

On review, the appellant challenges the administrative judge's finding that the agency proved by preponderant evidence the charge of failure to meet a condition of employment. Petition for Review (PFR) File, Tab 3 at 9-15. After considering the appellant's arguments regarding the charge, we find that they were adequately addressed in the initial decision by the administrative judge, and we discern no reason to disturb her findings. Initial Appeal File (IAF), Tab 47, Initial Decision (ID) at 17-20.

The appellant further challenges the administrative judge's finding that the appellant failed to prove by preponderant evidence the affirmative defense of sex discrimination. PFR File, Tab 3 at 17-18. As properly explained in the initial decision, the appellant was required to show that sex discrimination was a motivating factor in the removal action. ID at 20-22; *see Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 11; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 20. Considering the record evidence as a whole, we agree with the administrative judge's finding that the appellant has failed to

prove that sex discrimination was a motivating factor in her removal.[2] ID at 22-24.

In addition, the appellant argues that the agency failed to prove the existence of nexus and the reasonableness of the penalty. PFR File, Tab 3 at 15-17. The administrative judge correctly discussed, but did not decide, the issue of nexus. ID at 16. Thus, we modify the initial decision to find that the agency proved the existence of nexus between the appellant's failure to meet a condition of employment and the efficiency of the service. *See Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶¶ 2, 17 (2014) (finding nexus when the agency proved the charge of failure to fulfill a condition of employment).

Further, in determining the reasonableness of the penalty, the administrative judge did not consider the appellant's arguments concerning consistency of the penalty, which she reasserts on review. PFR File, Tab 3 at 15-16; ID at 20; IAF, Tab 41 at 4-5, 13-15, 30. The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is one of the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), that are relevant for consideration in determining the reasonableness of a penalty. Therefore, we modify the initial decision as follows to address this issue.

Having reviewed the record, we find no evidence of a similarly situated employee who received lesser discipline for similar misconduct. The appellant proffered several comparators, but we find that none of them committed "the same or similar offenses," i.e., failing to successfully complete a background investigation. PFR File, Tab 3 at 15-16; IAF, Tab 17 at 30, Tab 19 at 56; *see Douglas*, 5 M.S.P.R. at 305; *see also Singh v. U.S. Postal Service*, 2022 MSPB

---

[2] Because the administrative judge found that the appellant failed to show that sex discrimination was a motivating factor in the removal action, we need not reach the question as to whether it was a but-for cause of the action. *See Pridgen*, 2022 MSPB 31, ¶¶ 40, 42.

15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately). We further find that the deciding official's declaration that he considered that removal was consistent with penalties issued to other employees who similarly failed their background investigations proves that the agency considered the corresponding *Douglas* factor. ID at 7-8; IAF, Tab 42 at 21; *see Douglas*, 5 M.S.P.R. at 305.

Moreover, after considering the appellant's remaining arguments on review, we discern no reason to disturb the administrative judge's findings that the agency properly considered the relevant *Douglas* factors and that removal was an appropriate penalty. PFR File, Tab 3 at 15-17; ID at 16-17, 20; *see Gallegos*, 121 M.S.P.R. 349, ¶¶ 2, 17 (finding no reason to disturb the administrative judge's conclusion that the penalty of removal was reasonable for the sustained charge of failure to fulfill a condition of employment); *see also Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶¶ 7-8 (2010).

Accordingly, we sustain the agency's removal action.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.