## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MATTHEW J. ROVNAN,<br>      Appellant, | DOCKET NUMBER<br>PH-0752-23-0126-X-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>      Agency. | DATE: February 21, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew J. Rovnan, Bristol Township, Pennsylvania, pro se.

Pernell Telfort, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The administrative judge issued a compliance initial decision finding the agency noncompliant with Board's Final Order in the underlying appeal. *Rovnan v. Department of the Interior*, MSPB Docket No. PH-0752-23-0126-C-1, Compliance File, Tab 6, Compliance Initial Decision (CID); *see Rovnan v.*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Department of the Interior*, MSPB Docket No. PH-0752-23-0126-I-1, Initial Appeal File, Tab 8, Initial Decision (ID).  For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

On June 9, 2023, the administrative judge issued a compliance initial decision finding the agency noncompliant with Board's Final Order in the underlying appeal, which reversed the appellant's termination and required the agency to reinstate him with back pay and appropriate benefits.[2]  *See* ID at 8.  The administrative judge granted the appellant's petition for enforcement and ordered the agency to take certain actions to comply with the Final Order in the underlying appeal.  CID at 3.

In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the compliance actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions.  CID at 4; *see* 5 C.F.R. § 1201.183(a)(6)(i) (2023).  He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by July 14, 2023, the date on which the findings of noncompliance would become final unless a petition for review was filed.  CID at 5; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), (b) (2023).  Neither party petitioned for review.  Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on the issues of compliance.  *Rovnan v. Department of the Interior*, MSPB Docket No. PH-0752-23-0126-X-1, Compliance Referral File (CRF), Tab 1.

---

[2] The initial decision became the Board's final decision upon the expiration of the petition for review deadline.  5 C.F.R. § 1201.113.

The Clerk of the Board issued an acknowledgement order instructing the agency to file evidence of compliance within 15 calendar days and advising the appellant that he should respond within 20 days of the date of the agency's submission. The order noted that, if he did not do so, the Board may assume he was satisfied and dismiss the petition for enforcement. CRF, Tab 1 at 3.

Subsequently, the parties filed various pleadings disputing whether the agency had achieved compliance. CRF, Tabs 2-5. In its final submission, the agency informed the Board for the first time that the parties had entered into a settlement agreement in June 2023—apparently within days of the issuance of the compliance initial decision—that resolved the remaining disputed issues.[3] CRF, Tab 5 at 4. The agency asserted that the appellant's claims that the agency had failed to comply with its obligations under the Board's Final Order were, in reality, claims of alleged failure to comply with the agency's obligations under the settlement agreement. *Id.* The agency asserted that it had complied with its obligations and, to the extent the appellant identified additional deficiencies, that it had complied as best it could, given the appellant's change of employers. *Id.* at 6. The agency argued that it had therefore achieved full compliance with the Board's Final Order.

On August 6, 2024, the Board ordered the appellant to respond to the agency's submission within 20 days. The Board warned the appellant that, if he failed to respond, the Board may assume he was satisfied and dismiss his petition for enforcement. CRF, Tab 6 at 2. The appellant did not file a response.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department*

---

[3] Earlier submissions by the appellant vaguely referenced an unspecified settlement agreement without explaining that the agreement concerned this petition for enforcement. CRF, Tab 2 at 3; CRF, Tab 4 at 3.

*of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Here, the agency has asserted compliance with its obligations stemming from the Board's Final Order, as well as with a settlement agreement entered into by the parties that addressed, among other things, the relief ordered by the Board. CRF, Tab 5. The appellant did not respond to the agency's submission, despite being ordered to do so and being warned that failure to respond may cause the Board to assume he was satisfied and dismiss his petition for enforcement. Because the appellant has not challenged the agency's assertions regarding its compliance with the Final Order, we find the agency in compliance with that order and the compliance initial decision.

We note that the settlement agreement provided by the agency does not specifically provide for enforcement before the Board. *See* CRF, Tab 5 at 16. Nor did the parties attempt to enter it into the record for enforcement before the administrative judge or in the current proceeding, or explain how, if at all, the settlement agreement might affect the findings in the compliance initial decision. Accordingly, in finding the agency compliant with the Board's Final Order, we rely solely on the appellant's failure to rebut the agency's assertions of compliance with the Board's Final Order and do not evaluate the agency's obligations under or compliance with the settlement agreement. *See Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 16, 21 (2017) (stating that the Board enforces only settlement agreements that "have been entered into the record for that purpose"); *see also Special Counsel v. Cowan*, 2022 MSPB 2, ¶ 10 (noting that, to be accepted

for enforcement, the Board must find the settlement agreement "freely entered and lawful on its face").

Having found the agency in compliance with the Final Order, we dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action

involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.